FILED & JUDGMENT ENTERED
Steven T. Salata

Oct 26 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: | ) Case No. 12-30854 |
| | ) Chapter 13 |
| FELICIA NICOLE AARON | ) |
| Debtor. | ) |

### ORDER

This matter came before the court for hearing on the Chapter 13 Trustee's Motion of Trustee for Order Directing Debtor to Appear and Show Cause (the "Motion"). After notice and a hearing on August 28, 2012, and after consideration of the evidence presented, the court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The Debtor, Felicia Nicole Aaron, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on April 11, 2012. In her petition, the Debtor declared under penalty of perjury that she had not filed for bankruptcy in the preceding eight year period, and her Form B21, Statement of Social-Security Number, indicated that the last four digits of her social security number were 7577.

2. In reviewing the Debtor's petition, the Chapter 13 Trustee's office discovered a prior Chapter 13 case, Case No. 11-32067, which had been filed by an individual named Felicia I. Aaron. In that case, the debtor declared under penalty of perjury that the last four digits of her social security number were 1871. The Chapter 13 Trustee's office noticed, however, that the petition in Case No. 11-32067 contained numerous similarities to the petition filed in this case.

3. The Chapter 13 Trustee, Warren L. Tadlock, conducted the 341 meeting of creditors in this case. At that meeting the Debtor admitted under oath that she failed to disclose her prior Chapter 13 filing in her current petition but attributed the omission to a good faith mistake. She also testified that she had provided the social security number of one of her children rather than her own in her prior petition.

4. In light of this admission by the Debtor at her 341 meeting, the Chapter 13 Trustee filed the Motion. In the Motion, the Chapter 13 Trustee sought to have the court order the Debtor to appear and show cause why her conduct should not be considered bankruptcy fraud and, therefore, referred to the United States Attorney for possible criminal prosecution.

5. The Debtor filed a response to the Trustee's Motion in which she reiterated that her failure to list her prior bankruptcy filing was due to an oversight on her part. With respect to the social security number, however, she explained that she had mistakenly included her son's social security number on her Form B21 in her prior case and that once she recognized that error, she brought it to her attorney's attention. She claimed she was told by a paralegal that she would have to correct the error at her 341 meeting of creditors. According to the Debtor's response, she missed the 341 meeting because she was out of town, so the case was subsequently dismissed, and the Form B21 was never amended to reflect the correct social security number.

6.     At the hearing on the Motion, the Debtor finally truthfully related the events surrounding the filing of her petitions.  She confirmed that she filed her prior case, Case No. 11-32067, using the name Felicia I. Aaron and using her son's social security number, which ends with the digits 1871.  The Debtor further testified that she had provided her prior counsel and the Chapter 13 Trustee's office a 2010 tax return and a letter with the Social Security Administration letterhead and logo indicating that her social security number ended with the digits 1871.  She also acknowledged that a third party fraudulently prepared these documents on her behalf as "proof" of her social security number.

7.     The Debtor then indicated that her social security number appears on the petition she filed in this case.  She also conceded that she provided her son's social security number on her prior petition and knowingly used fraudulent documents as proof that that social security number belonged to her because she was a convicted felon.  She feared that her status as a felon would prevent her from being able to file for bankruptcy.  Finally, the Debtor admitted that she intentionally omitted her prior bankruptcy filing from her current petition, presumably because she was trying to conceal the fraudulent social security number.

## CONCLUSIONS OF LAW

8.     Pursuant to 18 U.S.C. § 152(2) and (3), a person who knowingly and fraudulently makes a false oath or account in any case under title 11 and who knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury in any case under tile 11, is subject to criminal prosecution.  The court finds that the Debtor knowingly and fraudulently made a false oath on the petition she filed in Case No. 11-32067 by providing her son's social number on Form B21.  In addition, the Debtor knowingly made a false oath or account in this case by omitting the prior filing on her petition.

3

9. Pursuant to 18 U.S.C. § 157(3), a person who, having devised or intending to devise a scheme or artifice to defraud, and for the purpose of executing or concealing such a scheme or artifice, makes a false or fraudulent representation, claim, or promise concerning a proceeding under title 11, is subject to criminal prosecution. The court finds that the Debtor knowingly and fraudulently provided documents to her attorney consisting of a fraudulent 2010 tax return and letter from the Social Security Administration, both of which were fabricated and used as part of a scheme to defraud and for the purpose of concealing the Debtor's identity in relation to her previous filing under title 11.

10. Pursuant to 18 U.S.C § 3057(a), any judge, receiver, or trustee having reasonable grounds for believing that bankruptcy fraud has been committed shall report the same to the United States Attorney for possible criminal prosecution. The court finds that reasonable grounds exist for believing that the Debtor in this case has committed bankruptcy fraud and, therefore, reports the same to the United States Attorney.

11. Finally, as noted by the Bankruptcy Court in the Southern District of New York, "[f]alsification of social security numbers is a species of fraud, specifically that of 'identity fraud,' which threatens to undermine the integrity of the bankruptcy process." See In re Riccardo, 248 B.R. 717, 718 (Bankr. S.D.N.Y. 2000). It is misconduct that this court takes very seriously because it threatens one of the fundamental components of the bankruptcy system—complete and accurate disclosure of relevant information.

12. Because the Debtor intentionally falsified her petition, the court will dismiss this case.

It is therefore **ORDERED** that:

1. The Trustee's Motion for Order Directing Debtor to Appear and Show Cause is granted;

2. This case is dismissed; and

3. The court refers this matter to the United States Attorney for possible criminal prosecution.

*This Order has been signed electronically.*  *United States Bankruptcy Court*
*The Judge's signature and court's seal*
*appear at the top of the Order.*